IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert Russell Clay, T/A CMC Steelworks, | ) ) C/A No. 9:08-1371-MBS |
| Plaintiff, | ) ) ) |
| vs. | ) **O R D E R** |
| Ed Joseph Nix; Wilber Roller, Sr.; Wilber Roller, Jr.; Betty C. Roller; Michael Roller; C. Russell Keep, III; and Marvin H. Dukes, III, | ) ) ) ) ) ) |
| Defendant. | ) ) |

On April 7, 2008, Plaintiff Albert Russell Clay, appearing pro se, filed the within complaint, alleging that he contracted to provided steel for a restaurant in Beaufort County, South Carolina, and he was not paid the sum of $254,843.62. Defendant Joseph Ed Nix is a state court arbitrator and general contractor for the restaurant construction project. Defendants Wilber Roller, Sr., Wilber Roller, Jr., Betty C. Roller, and Michael Roller, are part owners of the restaurant. C. Russell Keep, III was Plaintiff's prior attorney. The Honorable Marvin H, Dukes, III is Master-In-Equity for Beaufort County, South Carolina. Plaintiff alleges that Defendants conspired to treat him unfairly during an arbitration of the contract dispute and that he was denied adequate damages. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for deprivation of his constitutional rights. He further asserts a state law cause of action for breach of contract and seeks compensatory and punitive damages.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge George C. Kosko for pretrial handling. The Magistrate Judge reviewed the allegations of the complaint to determine whether the court possesses subject matter jurisdiction. On April 14, 2008, the Magistrate Judge issued a Report and Recommendation in which he found that (1) six of the Defendants are not state actors, and thus are not proper Defendants under 42 U.S.C. § 1983; and (2), the sole state actor, Defendant Dukes, is entitled to judicial immunity. The Magistrate Judge therefore determined that the court lacks federal question jurisdiction under § 1983. The Magistrate Judge further found that Plaintiff and Defendants are all citizens of South Carolina. The Magistrate Judge therefore determined that the court lacks diversity jurisdiction. The Magistrate Judge recommended that the complaint be summarily dismissed. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The within action is dismissed without prejudice and without issuance and service

2

of process.

    **IT IS SO ORDERED**.

                                    /s/ Margaret B. Seymour
                                    United States District Judge

Columbia, South Carolina

July 1, 2008.


### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**